IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-01910-RBJ

W.O.L.F., a Colorado nonprofit corporation,

    Plaintiff,

v.

FIRST NONPROFIT INSURANCE COMPANY; and
AMTRUST FINANCIAL COMPANY,

    Defendants.

## ORDER

    This case was filed in the Larimer County District Court on June 24, 2013 and later removed by the defendants to this Court. The plaintiff is a Colorado nonprofit corporation that operates a sanctuary for wolves and wolf-dogs in Bellevue, Colorado. It sustained property damage and related losses in the High Park Fire in June 2012. Defendant First Nonprofit Insurance Company insured W.O.L.F. under a Multiple Peril Policy covering the term April 15, 2012 to April 15, 2013. W.O.L.F. submitted a claim under the policy, and according to the defendants, just under $200,000 has been paid on the claim. W.O.L.F. contends that it sustained additional covered losses that defendants have not paid, and therefore, it filed this suit claiming breach of contract and the tort of bad faith breach of contract.

    The parties have, on more than one occasion, advised the Court that they were making progress towards a settlement. As a result, a Scheduling Conference wherein a trial date and other intermediate deadlines would be set has been postponed. Due to the age of the case,

however, the Court finally set a Scheduling Conference, which was held with counsel for both parties today.

The Court was advised that W.O.L.F. and the defendants have negotiated a tentative settlement that will involve the payment of an additional sum of money to W.O.L.F. The problem is that W.O.L.F. is involved in financial disputes with the former owner of the property on which the sanctuary is presently located Frank Wendland. Defendants are concerned that if they complete the settlement with W.O.L.F., they could possibly face a claim under the same policy from Mr. Wendland. He is not a named insured under the policy, but he was the property owner when the policy was purchased. Although a claim by Mr. Wendland under the policy might not have merit, the possibility of a claim has held up this case, including the consummation of the tentative settlement. Apparently efforts by W.O.L.F. to discuss the situation with Mr. Wendland have not been fruitful.

This stalemate is not good for the parties or the Court. W.O.L.F. is a non-profit corporation that depends heavily on donations to survive. It can ill afford spending precious dollars on lawyers and litigation. The defendants have come to terms with a monetary settlement, and they simply want a release and termination of the case. The Court is carrying a case on its docket in which neither party believes that there is a dispute between them to be resolved.

The Court was advised that W.O.L.F. has recently engaged additional counsel who specializes in nonprofit corporations, and that Mr. Wendland has also retained counsel. Instead of setting a trial in normal course, the Court requested that the parties and Mr. Wendland reach a solution to the current stalemate within 30 days, but if that is not accomplished, the Court then expects that Mr. Wendland will be made an additional party to the case so that whatever dispute

there might be will be resolved by the Court.  Because bringing Mr. Wendland into the case would involve additional expense for the parties and for him, and potential exposure for the payment of other parties' costs, the Court orders the parties to use their best efforts to get the matter resolved within that timeframe.  Please report back to the Court at the conclusion of the 30-day period or when a complete resolution is obtained, whichever first occurs.

DATED this 20th day of May, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge